UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL C. SKAKEL,          :  | |
|   Petitioner,               :  | Case No. 3:07 CV 1625 (PCD) |
| v.                          :  | |
| PETER J. MURPHY,            :  | DECEMBER 21, 2007 |
|   Respondent.               :  | |

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, the respondent answers the claims raised in the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, dated November 5, 2007, and filed in the above-captioned proceeding, as follows:

### Answers to Petitioner's Allegations

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted to the extent that the verdict was returned on June 7, 2002 and denied to the extent that the judgment was entered on that date.

3.      Paragraphs 3 through and including 6 are admitted.

4.      Paragraphs 7 and 8 require no response from the respondent.

5.      Paragraphs 9 through and including 11 are admitted.

6.      Paragraph 12 requires no response from the respondent.

7.      Paragraph 13 is admitted.

8.      Paragraphs 14 and 15 require no response from the respondent.

9.      Paragraphs 16 through and including 18 are admitted.

10. Paragraph 19 is generally denied. The specific allegations set forth in Paragraph 19 are answered as follows:

    A.    Ground One: The petitioner's claim that the Connecticut Supreme Court's ruling that his conviction was not barred by the statute of limitations violated his constitutional rights under the Ex Post Facto Clause and the Due Process Clause

        1.    Ground One (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

        2.    The petitioner did not complete Ground One (b) of the application for a writ of habeas corpus and state the reasons for his failure to exhaust his claim by properly raising it before the Connecticut Supreme Court. The respondent, nevertheless, denies that the petitioner exhausted his state court remedies for Ground One.

        3.    Ground One (c) is denied.

        4.    Ground One (d) is admitted.

        5.    Ground One (e) requires no response from the respondent.

    B.    Ground Two: The petitioner's claim that his conviction was obtained in violation of his right to present a defense and to due process as a result of a violation of the United States Supreme Court's ruling in <u>Brady v. Maryland</u>

        1.    Ground Two (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

2. The petitioner did not complete Ground Two (b) of the application for a writ of habeas corpus and state the reasons for his failure to exhaust his claim by properly raising it before the Connecticut Supreme Court. The respondent, nevertheless, denies that the petitioner exhausted his state court remedies for Ground Two.

3. Ground Two (c) is denied.

4. Ground Two (d) is admitted

5. Ground Two (e) requires no response from the respondent.

C. Ground Three: The petitioner's claim that his right to due process of law was violated by his transfer from juvenile court to the adult criminal court

1. Ground Three (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

2. The petitioner did not complete Ground Three (b) of the application for a writ of habeas corpus and state the reasons for his failure to exhaust his claim by properly raising it before the Connecticut Supreme Court. The respondent, nevertheless, denies that the petitioner exhausted his state court remedies for Ground Three.

3. Ground Three (c) is denied.

4. Ground Three (d) is admitted

5. Ground Three (e) requires no response from the respondent.

D. Ground Four: The petitioner's claim that his right to due process was violated by the misconduct of the prosecutor

    1. Ground Four (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

    2. Ground Four (b) requires no response from the respondent.

    3. Ground Four (c) is admitted.

    4. Ground Four (d) is admitted

    5. Ground Four (e) requires no response from the respondent.

E. Ground Five: The petitioner's claim that his right to confrontation was violated by the admission of prior testimony of a witness

    1. Ground Five (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

    2. Ground Five (b) requires no response from the respondent.

    3. Ground Five (c) is admitted.

    4. Ground Five (d) is admitted

    5. Ground Five (e) requires no response from the respondent.

F. Ground Six: Petitioner's claim that his right to due process was violated by the admission of allegedly coerced confessions

    1. Ground Six (a) is denied. To the extent that the facts alleged by the petitioner in support of his claim differ from the facts found by the state court, the petitioner's factual allegations are denied.

  2.  Ground Five (b) requires no response from the respondent.

  3.  Ground Five (c) is admitted.

  4.  Ground Five (d) is admitted

  5.  Ground Five (e) requires no response from the respondent.

12. Paragraph 20 is denied.

13. The respondent does not have sufficient information to admit or deny the allegations in paragraph 21, and the petitioner is, therefore, left to his proof.

14. Paragraph 22 requires no response from the respondent.

15. The respondent does not have sufficient information to admit or deny the allegations in paragraph 23, and the petitioner is, therefore, left to his proof.

16. Paragraphs 24 and 25 are admitted.

17. The respondent does not have sufficient information to admit or deny the allegation paragraph 26, and the petitioner is, therefore, left to his proof.

18. Paragraph 27 requires no response from the respondent.

19. The respondent does not have sufficient information to admit or deny the allegation in paragraph 28, and the petitioner is, therefore, left to his proof.

**Special Defenses**

20. Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby states "whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

  A.  In Ground One, the petitioner claims that the Connecticut Supreme Court's decision "overruling its own binding interpretation of the applicable statute of

limitations" violated the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. The petitioner's claim was not properly presented to the Connecticut Supreme Court and is, therefore, unexhausted. Because the petitioner's claim was rejected on an adequate, independent, state ground, the petitioner's claim was also procedurally defaulted.

B. In Ground Two, the petitioner claims that his right present a defense under the Sixth Amendment of the United States Constitution was violated when the state failed to disclose certain allegedly exculpatory evidence. The petitioner's claim was not properly presented to the Connecticut Supreme Court and is, therefore, unexhausted.

C. In Ground Three, the petitioner claims that his right to due process of law under the United States Constitution was violated by his transfer from juvenile court to adult criminal court. The petitioner's claim that his right to due process was violated by his transfer from juvenile court was not properly presented to the Connecticut Supreme Court and is, therefore, unexhausted.

**<u>Documents Forwarded to the Court</u>**

21. Pursuant to Rule 5(d) of the Rules Governing Section 2254 Cases in United States District Courts, the respondent has filed the following documents as appendices hereto:

Appendix A: The petitioner's brief on appeal to the Connecticut Supreme Court

Appendix B: The respondent's brief on appeal to the Connecticut Supreme Court

Appendix C: The petitioner's reply brief on appeal the Connecticut Supreme Court

Appendix D: The Connecticut Supreme Court's decision in <u>State v. Skakel</u>, 276 Conn. 633, 888 A.2d 985, <u>cert</u>. <u>denied</u>, _ U.S. _, 127 S.Ct. 578, 166 L.Ed.2d 428 (2006)

**Transcripts**

22.     Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in United States District Courts, the respondent reports that all the proceedings of the petitioner's criminal trial were transcribed.  In accordance with past practice in this district, the respondent will file the relevant transcripts simultaneously with the filing of his brief in opposition to the petition for a writ of habeas corpus, unless otherwise directed by the court.

**Conclusion**

The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Accordingly, the relief requested by the petitioner should be denied and his petition for a writ of habeas corpus should be dismissed.

Respectfully submitted,

WARDEN PETER J. MURPHY
MacDOUGALL-WALKER CORRECTIONAL
   INSTITUTION
DEPARTMENT OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By:     /s/  Michael E. O'Hare
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut  06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
E-mail: michael.ohare@po.state.ct.us
Federal Bar No:  ct 05318

**<u>CERTIFICATION</u>**

I hereby certify that a copy of this document was sent by first class mail, postage prepaid, to: Attorney Hope C. Seeley, Attorney Hubert J. Santos and Attorney Sandra L. Snaden, Santos & Seeley, 51 Russ Street, Hartford, CT 06106, Tel. No. (860) 249-6548, Fax No. (860) 724-5533, on December 21, 2007.

            /s/ Michael E. O'Hare
            MICHAEL E. O'HARE
            Supervisory Assistant State's Attorney