UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL C. SKAKEL, | : | |
|     Petitioner, | : | Case No. 3:07 CV 1625 (PCD) |
| v. | : | |
| PETER J. MURPHY, | : | OCTOBER 27, 2008 |
|     Respondent. | : | |

**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

The respondent hereby moves this court for summary judgment on the petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254. In his application, the petitioner claims that the state conviction that resulted in his imprisonment was obtained in violation of his rights under the United States Constitution. Specifically, the petitioner claims that: (1) the Connecticut Supreme Court's reinterpretation of the law governing application of the statute of limitations violated his right to due process and his right against prosecution under ex post facto laws; (2) the trial court violated his right to due process and to present a defense when it refused to hold an evidentiary hearing regarding his claim that the state had withheld exculpatory evidence in violation of the United States Supreme Court's ruling in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (3) the trial court violated his right to due process of law when permitted his case to be transferred to the adult criminal docket; (4) the misconduct of the prosecutor deprived him of due process of law and a fair trial; (5) the trial court violated his right to confrontation when it admitted the prior testimony of a witness; and (6) the trial court violated his right to due process when it admitted evidence of confessions that were the product of coercion. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody (hereinafter "Habeas Corpus Petition"), paragraph 19.

The petitioner is not entitled to federal habeas corpus relief because the rulings that he challenges were resolved under state law, his federal claims are unexhausted or the state court rejected his claims based on a reasonable application of clearly established federal law. Accordingly, this court should grant summary for the respondent.

I.   PROCEDURAL HISTORY

After trial by jury in the Superior Court for the Judicial District of Stamford-Norwalk, the petitioner was convicted murder, in violation of General Statutes § 53a-54a. On August 29, 2002, the trial court, *Kavanewsky, J.*, sentenced the petitioner to imprisonment for a term of twenty years to life. Judgement, State v. Skakel, Case No. CR00-135792-T, Judicial District of Stamford-Norwalk, Appendix H.[1]   The petitioner appealed to the Connecticut Supreme Court, which affirmed his conviction on January 24, 2006. State v. Skakel, 276 Conn. 633, 888 A.2d 985 (2006), Appendix D.  The petitioner filed a petition for *certiorari* to the United States Supreme Court which was denied on November 13, 2006. Skakel v. Connecticut, _ U.S. _,127 S.Ct. 578, 166 L.Ed.2d 428 (2006), Appendix I.

On August 25, 2005, the petitioner filed a petition for a new trial pursuant to General Statutes § 52-270 in the Superior Court for the Judicial District of Fairfield.  The trial court, *Karazin, J.*, denied the petitioner's petition for a new trial on October 25, 2007. Skakel v. State, CV05-0006524-S, Judicial District of Fairfield.  On November 5, 2007, the petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] Appendices A, B, C and D were previously filed with the respondent's answer on December 21, 2007.  Appendices E through I were filed with the respondent's motion for summary judgment, supporting memorandum and Local Rule 56(a)1 Statement on October 27, 2008.

2

## II. ARGUMENT

The petitioner advances six claims in support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. When the petitioner's claims are considered in light of applicable law and the record of this case, it is clear that each claim is without merit.

### 1. The petitioner is not entitled to habeas corpus relief because the state supreme court overruled its existing precedent to hold his prosecution was not time-barred

The petitioner first claims that he is entitled to federal habeas corpus relief because his conviction was "obtained and affirmed in violation of the Ex Post Facto Clause and the Due Process Clause." Habeas Corpus Petition, paragraph 19, Ground One. Specifically, the petitioner contends that his rights under the federal constitution were violated when the state supreme court overruled its own precedent to hold that his prosecution was not barred by the statute of limitations. Id. The petitioner's claim fails for several reasons. First, the petitioner is not entitled to federal review of his claim because the trial court's ruling permitting his prosecution was based on state law and the did not implicate his rights under the federal constitution. Second, the petitioner cannot obtain relief on his federal claim because it was not properly raised in the Connecticut Supreme Court and is, therefore, unexhausted. Finally, if considered on the merits, the petitioner's claim fails because it is not based upon "clearly established federal law" and because the Connecticut Supreme Court's ruling was neither "contrary to" nor "an unreasonable application of" the controlling precedent of the United States Supreme Court.

### 2. The petitioner is not entitled to habeas corpus relief because the state failed to disclose allegedly exculpatory evidence in violation of <u>Brady v. Maryland</u>

The petitioner next claims that his right to a fair trial was violated when the state suppressed allegedly exculpatory evidence in violation of the United States Supreme Court's decision in <u>Brady v. Maryland</u>, <u>supra</u>. Habeas Corpus Petition, paragraph 19, Ground Two. Specifically, the petitioner claims that the state violated his rights under <u>Brady</u> when it failed to disclose a composite sketch and two "profile reports" prepared by an investigator. <u>Id</u>. The petitioner is not entitled to federal habeas corpus relief with respect to either claim. The petitioner's claim regarding the composite sketch fails because the Connecticut Supreme Court reasonably applied clearly established federal law when it held that the sketch was not suppressed within the meaning of <u>Brady</u>. The petitioner's claim regarding the profile reports fails because the petitioner's claim was defaulted in the Connecticut Supreme Court on adequate an independent state grounds and because the petitioner cannot show that the reports were suppressed.

### 3. The petitioner is not entitled to habeas corpus relief because of the manner that the state court applied a state statute when transferring him to the adult criminal docket

The petitioner claims that he was deprived of his right to due process of law when the state supreme court upheld the juvenile court's ruling transferring his case to the adult criminal docket of the Superior Court. Habeas Corpus Petition, paragraph 19, Ground Three. Specifically, the petitioner claims that he was denied due process "when the Connecticut Supreme Court permitted a state regulation to abrogate [his] statutory rights under Connecticut General Statutes Sections 17-60a and 17-66." <u>Id</u>. The petitioner is barred from obtaining relief on his claim because it was not properly raised in state court

4

and is, therefore, unexhausted. If considered on the merits, the petitioner's claim should be rejected because it is based entirely on state law and is not cognizable in a federal habeas corpus proceeding.

> **4.     The petitioner is not entitled to habeas corpus relief because of the alleged impropriety by the prosecutor during his closing argument**

The petitioner claims that his right to a fair trial was violated as a result of the prosecutor's misconduct during closing argument. Habeas Corpus Petition, paragraph 19, Ground Four. Specifically, the petitioner claimed that the prosecutor engaged in improper argument when he: (1) maintained that the petitioner had fabricated a story to explain any possible discovery of his semen at the crime scene; (2) asserted that the Skakel family had conspired to fabricate an alibi for the petitioner; (3) contended that the Skakel family believed that the petitioner was guilty of the murder; (4) referred to the petitioner as a "killer" and a "spoiled brat"; (5) asserted that the petitioner had masturbated on the victim's body; and (6) misused evidence in an audiovisual presentation to make it appear that the petitioner had confessed to the murder. Id., at 49-61. The petitioner now contends that he is entitled to federal habeas corpus relief on his prosecutorial misconduct claim. Habeas Corpus Petition, paragraph 19, Ground Four. The petitioner's claim should be denied because the Connecticut Supreme Court reasonably applied clearly established federal law in rejecting the petitioner's claim on direct appeal. 28 U.S.C. § 2254 (d)(1).

> **5. The petitioner is not entitled to habeas corpus relief because of the trial court admitted the prior testimony of a witness who died prior to trial**

The petitioner claims that admission of the transcript of Coleman's probable cause hearing testimony violated his Sixth Amendment right to confrontation. Habeas Corpus Petition, paragraph 19, Ground Five. Specifically, the petitioner contends that Coleman's prior testimony was inadmissible because it "lacked the required indicia of reliability. . . ." <u>Id</u>. The petitioner, therefore, claims that he is entitled to federal habeas corpus relief. <u>Id</u>. The petitioner's claim fails because the Connecticut Supreme Court reasonably applied clearly established federal law in rejecting the his claim on direct appeal.

> **6. The petitioner is not entitled to habeas corpus relief because the trial court admitted statements that he made while a student at the Elan School**

The petitioner claims that admission of the testimony regarding the statements that he made while a student at the Elan School violated his right to due process of law because the statements were the product of coercion. Habeas Corpus Petition, paragraph 19, Ground Six. The petitioner therefore claims that he is entitled to federal habeas corpus relief. The petitioner's claim fails because the Connecticut Supreme court reasonably applied the principles of the controlling United States Supreme Court precedent when it rejected the petitioner's claim on direct appeal.

## III. CONCLUSION

For all of the reasons set forth above, and in the memorandum of law submitted in support of this motion, this court should grant the respondent's motion for summary judgment and deny the relief requested by the petitioner in his habeas corpus petition.

Respectfully submitted,

PETER J. MURPHY, WARDEN
MacDOUGALL-WALKER CORRECTIONAL
    INSTITUTION
DEPARTMENT OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By:   /s/  Michael E. O'Hare
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Telephone: (860) 258-5887
Facsimile: (860) 258-5968
E-mail: michael.ohare@po.state.ct.us
Fed. Bar. No. ct 05318

SUSANN E. GILL
Senior Assistant State's Attorney
Office of the State's Attorney
Judicial District of Fairfield
1061 Main Street
Bridgeport, Connecticut 06604
Telephone: (860) 579-6506
Facsimile: (860) 382-8401
E-mail: susann.gill@po.state.ct.us
Fed. Bar No. ct 05415

**CERTIFICATION**

I hereby certify that a copy of the foregoing document was mailed, first class postage prepaid, to Attorney Hope C. Seeley, Attorney Hubert J. Santos, and Attorney Sandra L. Snaden, Santos & Seeley P.C., 51 Russ Street, Hartford, Connecticut 06106, Tel. No. (860) 249-6548, Fax No. (860) 724-5533, on October 27, 2008.

    /s/   Michael E. O'Hare
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney