UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL C. SKAKEL | : | CASE NO. 3:07 CV 1625 (PCD) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PETER J. MURPHY, | : | |
| Respondent. | : | JANUARY 8, 2009 |

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Petitioner, Michael C. Skakel, hereby requests leave to amend his Petition For A Writ Of Habeas Corpus in accordance with the proposed Amended Petition that is attached to his Motion for Leave to Amend. In support hereof, the Petitioner states as follows.

### I. Background

The Petitioner filed the instant Petition For A Writ Of Habeas Corpus on or about November 5, 2007. At the time, the Petitioner originally raised several constitutional violations that occurred as the result of the Connecticut Supreme Court's ruling on the Petitioner's direct appeal. After the Petitioner's direct appeal was concluded, the Petitioner filed a Petition For New Trial based, *inter alia*, on claims of newly discovered evidence. The Petition For New Trial was filed on or about August 29, 2005, and a hearing thereon was held in the Spring of 2007. After the hearing, the trial judge denied the Petition For New Trial on October 25, 2007. The Petitioner appealed, and that

appeal is currently pending before the Connecticut Appellate Court. Briefing is recently complete in that matter although an argument date has not yet been assigned.

The Petitioner presently seeks to amend his petition to include unexhausted claims that are still currently pending in state court (Grounds Six through Twelve in the proposed Amended Petition. Should the proposed Amended Petition be allowed by this Court, the Petitioner's petition would then be a mixed petition – *i.e.*, containing both exhausted and unexhausted claims. In addition to the Motion for Leave to Amend, the Petitioner has also filed a Motion for Stay and Abeyance. The Petioner requests that this Court first grant his Motion for Leave to Amend, and then grant the Motion for Stay and Abeyance to hold the Amended Petition in abeyance until such time as the Petitioner is able to complete exhaustion of the claims (Six through Twelve in the proposed Amended Petition) that are still pending before the state court system.

**II.     Legal Standard**

Motions to amend a habeas petition should not be construed as second or successive petitions. Littlejohn v. Artuz, 271 F.3d 360, 362 (2d Cir. 1001). The standard for granting or denying a motion to amend is governed by Federal Rules of Civil Procedure 15(a). Id. at 363. The application of Rule 15(a) is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Id. (quoting 28 U.S.C. § 2242).

According to the Federal Rules of Civil Procedure, a petitioner may amend his habeas petition by leave of the court, "and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see also Masotto v. United States, 205 F.3d 1323, 1323 (2d Cir.2000) (unpublished) (maintaining "that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice"); Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir.1993) (explaining that amendments to an initial petition for habeas relief should be liberally permitted in order to ensure a single comprehensive petition rather than successive petitions).

### III. Argument

Amendments have been granted in habeas corpus cases where the petitioner sought to add unexhausted claims to his petition so that all of the claims may be heard on one proceeding, so as to avoid piecemeal litigation and successive petitions. See, e.g., Rhines v. Weber, 544 U.S. 269, 272 (2005); Rockwell v. Yukins, 341 F.3d 507, 510 (6th Cir. 2003); Fetterly v. Paskett, 997 F.2d at 1301-02.

In the present case, judicial economy is served by permitting the amendment, so that the Petitioner may include all federal constitutional claims relative to his conviction in state court in one single petition, rather than engaging in piecemeal litigation and successive petitions. See Fetterley v. Paskett, 997 F.2d at 1296.

There has been no undue delay in the present matter – the unexhausted claims are still pending before the Connecticut Appellate Court or have not yet been presented.

Further, there is no bad faith or dilatory purpose by the Petitioner; to the contrary, the Amended Petition is proposed in order to promote judicial economy.  No party will be prejudiced by permitting the amendment as the existing claims are not yet fully briefed, and no decision has yet been rendered as to claims set forth in the original petition.  Finally, as set forth in great detail in the proposed Amended Petition, which is attached to the Motion for Leave to Amend, the Petitioner's proposed claims are not meritless.  Therefore, the criteria enunciated by the Second Circuit in <u>Masotto v. United States</u>, 205 F.3d at 1323 are satisfied, and the proposed Amended Petition should be allowed.

## IV. Conclusion

Wherefore, for the foregoing reasons, the Petitioner requests that his Motion for Leave to Amend be granted, and that he be permitted to file the proposed Amended Petition that is attached to his Motion for Leave to Amend.

**THE PETITIONER,
MICHAEL C. SKAKEL**

BY /s/_____
HUBERT J. SANTOS
Federal Bar No. ct00069
Email: hsantos@santos-seeley.net
HOPE C. SEELEY
Federal Bar No. ct 4863
Email: hseeley@santos-seeley.net
SANDRA SNADEN KUWAYE
Federal Bar No. ct18586
Email: ssnaden@santos-seeley.net
SANTOS & SEELEY, P.C.
51 Russ Street
Hartford, CT 06106
Tel: (860) 249-6548
Fax:(860) 724-5533

## **CERTIFICATION**

      I hereby certify that on January 8, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Michael O'Hare, Esq.
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
E-mail: michael.ohare@po.state.ct.us
Federal Bar No. ct 05318

                                               /s/_____
                                               HOPE C. SEELEY