UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL C. SKAKEL | : | CASE NO. 3:07 CV 1625 (PCD) |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| PETER J. MURPHY, | : | |
|    Respondent. | : | JANUARY 8, 2009 |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR STAY AND ABEYANCE**

Pursuant to the stay and abeyance rule set forth by the United States Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), the Petitioner, Michael C. Skakel, hereby moves for a stay and abeyance of his Amended Petition For A Writ Of Habeas Corpus. In support hereof, the Petitioner states as follows.

**I.  Background**

The Petitioner filed the instant Petition For A Writ Of Habeas Corpus on or about November 5, 2007. At the time, the Petitioner originally raised several constitutional violations that occurred as the result of the Connecticut Supreme Court's ruling on the Petitioner's direct appeal. After the Petitioner's direct appeal was concluded, the Petitioner filed a Petition For New Trial based, *inter alia*, on claims of newly discovered evidence. The Petition For New Trial was filed on or about August 29, 2005, and a hearing thereon was held in the Spring of 2007. After the hearing, the trial judge denied the Petition For New Trial on October 25, 2007. The Petitioner appealed, and that

appeal is currently pending before the Connecticut Appellate Court. Briefing is recently complete in that matter although an argument date has not yet been assigned.

The Petitioner filed a Motion For Leave To Amend and a proposed Amended Petition of even date, which is currently pending before the Court. The Petitioner seeks to amend his petition to include unexhausted claims that are still currently pending in state court (Grounds Six through Ten). See Pet'r's Motion for Leave to Amend Petition and Memorandum of Law in Support, including attached proposed Amended Petition, Grounds Six through Ten. Should the proposed Amended Petition be allowed by this Court, the Petitioner's petition would then be a mixed petition – *i.e.,* containing both exhausted and unexhausted claims.

The Petitioner is currently before the Court on his Motion For Stay And Abeyance in order to secure additional time in which to exhaust the claims that are currently pending in state court.

## II. Legal Standard

When a federal court is presented with a habeas petition containing both exhausted and unexhausted claims-a "mixed petition"-the court may in its discretion stay the pending petition for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. See Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied sub nom. Fischer v. Zarvela, 534 U.S. 1015, 122 S.Ct. 506, 151

L.Ed.2d 415 (2001). The court's discretion, however, is not without limits. According to the Supreme Court,

> [A] stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner has good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

**III. Argument**

In the present case, good cause exists for the Petitioner's failure to exhaust claims six through ten in his Amended Petition: the claims have been asserted in state court but the Petitioner has not yet received a ruling from the appellate court. The Petitioner has timely asserted claims six through ten before the state appellate court. The failure to exhaust does not involve any negligence by the Petitioner; it is merely that these claims have not had the time to run their course before the state courts yet. Given that these claims are intimately related to the Petitioner's underlying criminal conviction that is the subject of the current Petition, the claims should be considered and heard together. Further, as evidenced in the lengthy discussion of the supporting facts relating to Grounds Six through Ten in the proposed Amended Petition, which is

incorporated herein by reference, the Petitioner's new, unexhausted claims are not meritless. See Rhines v. Weber, 544 U.S. at 277.

In Fetterley v. Paskett, 997 F.2d 1295, 1296 (9th Cir. 1993), the petitioner claimed that the district court improperly denied him a stay so that he might be able to exhaust in state court newly identified constitutional claims that the petitioner wanted to add to his existing petition. The petitioner's counsel indicated that his goal in requesting a stay was to exhaust all his federal constitutional claims in state court and then to present them in a single proceeding for review in the federal court. Id. at 1298. The petitioner's request for stay was denied by the trial court, and the petition was not amended. Id. at 1296. To support its ruling, the district court rationalized that none of the new claims constituted federal constitutional issues, and the issues were matters of state law only. Id. at 1298.

In reversing the decision of the district court, the Ninth Circuit noted:

Given the growing tendency of the Supreme Court to shut the door on second petitions even when issues were defaulted due to errors by counsel, see Keeney v. Ta mayo-Reyes, __ U.S. __, __ n.5, 112 S.Ct. 1715, 1720 n.5, 118 L.Ed.2d 318 (1992), it is understandable that [petitioner's counsel] wished to bring all his claims in one pending proceeding rather than move to dismiss and start again when he had fully exhausted his new issues. There is nothing at all in this record to suggest that the motion for stay was brought to delay, to vex, or to harass, or that the request was an abuse of the writ. See Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."). Moreover, were we to close the

> door on Fetterly at this juncture, he would no doubt file a second petition in the district court based on these same claims. If so, we would see the same claims again, but they would be encumbered with all the new issues that come with subsequent petitions.

Id. at 1301-02.

As in Fetterly, the Petitioner brings claims six through ten together along with claims one through five, which have already been exhausted, in order to promote judicial economy, to prevent piecemeal litigation, and to avoid a successive petition. Because the claims all relate to the Petitioner's underlying criminal conviction, the claims should be considered in one petition. Therefore, a stay should be granted in order to permit time for exhaustion of the unexhausted claims.

**IV. Conclusion**

Wherefore, for the foregoing reasons, a stay and abeyance should be granted to permit the Petitioner to exhaust the claims that are still pending before the Connecticut Appellate Court.

                                      **THE PETITIONER,**
                                      **MICHAEL C. SKAKEL**

BY   /s/_____
       HUBERT J. SANTOS
       Federal Bar No. ct00069
       Email: hsantos@santos-seeley.net
       HOPE C. SEELEY
       Federal Bar No. ct 4863
       Email: hseeley@santos-seeley.net
       SANTOS & SEELEY, P.C.
       51 Russ Street
       Hartford, CT 06106
       Tel: (860) 249-6548
       Fax:(860) 724-5533

## **CERTIFICATION**

      I hereby certify that on January 8, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Michael O'Hare, Esq.
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
E-mail: michael.ohare@po.state.ct.us
Federal Bar No. ct 05318

                                             /s/_____
                                             HOPE C. SEELEY