## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL C. SKAKEL | : | |
| Petitioner, | : | Case No. 3:07 CV 1625 (PCD) |
| v. | : | |
| PETER J. MURPHY, | : | MARCH 19, 2009 |
| Respondent. | : | |

### MOTION FOR EXTENSION OF TIME TO RESPOND TO
### PETITIONER'S MOTION FOR HEARING TO SET BAIL

Pursuant to Rule 7(b) of the Local Rules of Civil Procedure for the District of Connecticut, the respondent hereby requests, *nunc pro tunc*, an extension of time of twenty-seven days, or until **March 19, 2009,** to file his response to the petitioner's motion for a hearing to set bail.  This is the respondent's fourth request for an extension of time to respond to the petitioner's motion.  Attorney Hope C. Seeley, the petitioner's counsel, does not object to the respondent's request.

The grounds for this motion are as follows:

1.      After trial by jury in the Superior Court for the Judicial District of Fairfield, the petitioner was convicted murder, in violation of General Statutes § 53a-54a.  On August 29, 2002, the trial court, *Kavanewsky, J.*, sentenced the petitioner to imprisonment for a term of twenty years to life.  The petitioner appealed to the Connecticut Supreme Court, which affirmed his conviction on January 24, 2006. State v. Skakel, 276 Conn. 633, 888 A.2d 985 (2006). The petitioner filed a petition for certification to the United States Supreme Court which was denied on November 13, 2006. Skakel v. Connecticut, __ U.S. __,127 S.Ct. 578, 166 L.Ed.2d 428 (2006).

2. On August 25, 2005, the petitioner filed a petition for a new trial pursuant to General Statutes § 52-270 in the Superior Court for the Judicial District of Fairfield. The trial court, *Karazin, J.*, denied the petitioner's petition for a new trial on October 25, 2007. Skakel v. State, CV05-0006524-S, Judicial District of Fairfield.

3. The petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 5, 2007. On November 8, 2007, this court issued an order to show cause directing the respondent to file a response to the petitioner's habeas corpus petition. The respondent filed his answer to the allegations in the petitioner's habeas corpus petition on December 21, 2008.

4. On March 5, 2008, this court ordered the petitioner and the respondent to file cross-motions for summary judgment by March 31, 2008.

5. Between March 11, 2008 and October 8, 2008, the parties filed nine joint motions for an extension of time to file their cross-motions for summary judgment, all of which were granted by the court. The parties filed their cross-motions for summary judgment in compliance with the court's order on October 27, 2008.

6. On November 6 and December 16, 2008, the parties filed joint motions for extensions of time to file their responses to the cross-motions for summary judgment. Both motions were granted by the court, the second of which directed the parties to file their responses to the motions for summary judgment by January 7, 2009.

7. On January 7, 2009, the petitioner filed his response to the motion for summary judgment filed by the respondent in compliance with the court's order. On January 15, 2009, the respondent filed his response to the motion for summary judgment

filed by the petitioner. Thereafter, the court granted the respondent's motion seeking permission to file his response on January 15.

8. On January 8, 2009, the petitioner filed a motion for leave to amend his habeas corpus petition, a motion for stay and abeyance and a motion for a hearing to set bail. The respondent filed three previous motions for extensions of time to respond to the petitioner's motion for a hearing to set bail, the last of which requested an extension to February 20, 2009. This court granted each of the respondent's previous motions for extension of time.

9. In this case, the petitioner is attempting to add seven new claims to his habeas corpus petition and to have bail set while he returns to state court to exhaust his unexhausted claims. Preparing an appropriate response to the motion for a hearing to set bail has required extensive time for analysis of both the law and the facts pertaining to the new claims. Since returning from military duty on February 2, 2009, counsel for the respondent has been engaged in preparing a response to the petitioner's motion for leave to amend, his motion for stay and abeyance and his motion for a hearing to set bail as well as carrying out counsel's other duties. While the response to the motion for a hearing to set bail has taken more time than originally anticipated, counsel for the respondent has completed it and has filed it with this motion.

10. On March 19, 2009, counsel for the respondent contacted Attorney Hope Seeley, counsel for the petitioner, and advised her that the respondent was requesting an extension of time to respond to the petitioner's motion for a hearing t set bail. Attorney Seeley indicated that she had no objection to the respondent's request.

WHEREFORE, the respondent hereby moves this court, *nunc pro tunc*, for an extension of time of twenty-seven days, or until **March 19, 2009**, to file his response to the petitioner's motion for stay and abeyance.

Respectfully submitted,

PETER J. MURPHY
WARDEN, MacDOUGALL-WALKER
    CORRECTIONAL INSTITUTION
DEPARTMENT OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By:   /s/ Michael E. O'Hare
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
Federal Bar No. ct 05318

**CERTIFICATION**

I hereby certify that a copy of the foregoing document was mailed, first class postage prepaid, to Attorney Hope C. Seeley, Attorney Hubert J. Santos, and Attorney Sandra L. Snaden, Santos & Seeley P.C., 51 Russ Street, Hartford, Connecticut 06106, on March 19, 2009.

   /s/ Michael E. O'Hare
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney