UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL C. SKAKEL,            : | |
|       Petitioner,      : | |
|                          : | |
|       v.                      : | Civil No. 3:07cv1625 (PCD) |
|                          : | |
| PETER J. MURPHY,              : | |
|       Respondent.    : | |

### RULING ON MOTION TO AMEND, MOTION TO STAY, AND MOTION FOR HEARING TO SET BAIL

After trial by jury, Petitioner Michael C. Skakel was convicted of murder in violation of Connecticut General Statutes § 53a-54a, and was sentenced on August 29, 2002 to imprisonment for a term of twenty years to life. The Connecticut Supreme Court affirmed his conviction on January 24, 2006. State v. Skakel, 276 Conn. 633, 888 A.2d 985 (2006). The United States Supreme Court denied Petitioner's petition for certiorari on November 13, 2006. Skakel v. Connecticut, 549 U.S. 1030 (2006).

On August 25, 2005, Petitioner filed a petition for a new trial pursuant to Connecticut General Statutes § 52-270, which the trial court denied on October 25, 2007. Memorandum of Decision, Skakel v. State, CV05-000652-S, Judicial District of Stamford-Norwalk. Petitioner's appeal of that ruling is currently pending before the Connecticut Supreme Court, where oral argument was held on March 26, 2009. See Skakel v. State, Connecticut Supreme Court Docket No. 18158.

On November 5, 2007, Petitioner filed in this court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After briefing on the petition had commenced, but before it was completed, Petitioner filed the instant motions on January 8, 2009. For the reasons stated herein, Petitioner's Motion to Amend [Doc. No. 43] is GRANTED, Petitioner's Motion to Stay

[Doc. No. 45] is GRANTED, and Petitioner's Motion for Hearing to Set Bail [Doc. No. 47] is DENIED.

**I.      Motion to Amend and Motion to Stay**

Petitioner moves pursuant to Federal Rule of Civil Procedure 15 for leave to amend his habeas corpus petition to add seven additional claims (Grounds Six through Twelve in the Proposed Amended Petition) to the five claims asserted in the original petition. Petitioner states that he "originally raised several constitutional violations that occurred as the result of the Connecticut Supreme Court's ruling on the Petitioner's direct appeal" and that he now seeks to add to his habeas petition claims raised in his motion for a new trial, including claims of "newly discovered evidence," among others. [Doc. No. 44 at 1] Respondent opposes the amendments because "the amendments requested by the petitioner would be futile because the claims that he seeks to add are not only meritless, they are also unexhausted" [Doc. No. 63 at 4] and because "permitting the petitioner to amend his habeas corpus petition at this late stage of the proceedings would result in undue delay and would, therefore, prejudice the respondent's interest in finality of the criminal judgment against the petitioner." Id. Petitioner concedes that the amended petition would contain unexhausted claims, and therefore seeks a stay and abeyance to permit him to exhaust the claims in state court.

A motion to amend a habeas petition is not a successive habeas petition. Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001). The standard governing a motion to amend a habeas petition is Federal Rule of Civil Procedure 15, the application of which is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus "may be amended or supplemented as provided by the rules of procedure applicable to civil actions." Id. (quoting 28 U.S.C. § 2242).

2

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, district courts "retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." Littlejohn, 271 F.3d at 363 (citing Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as reasons to deny leave to amend).

Petitioner seeks leave to amend his habeas petition to "include all federal constitutional claims relative to his conviction in state court in one single petition" in order to "avoid piecemeal litigation and successive petitions." [Doc. No. 44 at 3] Respondent maintains that "petitioner's ongoing state litigation would result in the exhaustion of only one of the seven new claims that he seeks to add to his federal habeas petition." [Doc. No. 63 at 36] Specifically, Respondent contends that "petitioner has not yet litigated three of the new claims in state court and . . . he did not clearly raise federal grounds for relief in three of the four issues currently before the Connecticut Supreme Court." [Doc. No. 63 at 35] Petitioner states that he "seeks to amend his petition to include unexhausted claims that are still currently pending in state court" [Doc. No. 44 at 2], but concedes that at least some of the claims "have not yet been presented" in state court. [Doc. No. 44 at 3]

Therefore, Petitioner seeks a stay and abeyance to permit the exhaustion of the claims currently before the Connecticut Supreme Court as well as those not yet raised in state court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

3

for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In deciding whether to grant a stay, a court must "exercise judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of [the] authority [to issue stays] . . . but it does circumscribe their discretion. Any solution to this problem must therefore be compatible with AEDPA's purposes," which are encouraging the finality of state court judgments and "streamlining federal habeas proceedings."[1] Rhines v. Weber, 544 U.S. 269, 276-77 (2005).

Therefore, in habeas corpus proceedings, a "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277 (2005) (citing 28 U.S.C. § 2254(b)(2)) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

In an abundance of caution, and in the exercise of its discretion, the court grants both the

---

[1] Note, however, that AEDPA's particular concern that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death," Rhines, 544 U.S. at 277-78, is not at issue here because Petitioner is serving a sentence of twenty years to life imprisonment.

motion to amend and the motion to stay, as it is in the interest of justice to allow the amendments. Respondent contends that the amendments are appropriately denied as futile on account of their being unexhausted, but this can be addressed by means of a stay to permit their exhaustion. Respondent also argues that the amendments are futile, and the stay inappropriate, because the claims which Petitioner seeks to add are "plainly meritless," in contravention of the standard for a stay announced in Rhines, 544 U.S. at 277. The court is unable to make the determination, based upon the current submissions, that the claims are "plainly meritless," and therefore prefers to await more complete briefing. Permitting the amendments is also in the interest of judicial efficiency and economy, in order to permit the court to address all of Petitioner's habeas claims at the same time.

In addition, granting the stay serves the interests of comity in permitting the state courts to fully adjudicate the merits of Petitioner's claims before the federal court considers them. "[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines, 544 U.S. at 273-74 (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation . . . [O]ne court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Id. (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). The fact that certain claims in the amended petition are currently under consideration by the Connecticut Supreme Court, which heard oral argument on March 26, 2009 on Petitioner's appeal of the denial of a new trial, constitutes good cause for the claims

5

being unexhausted and for granting a stay of this proceeding. If the Connecticut Supreme Court were to order a new trial, that would obviate the need for federal habeas review of issues associated with Petitioner's original trial.

While it does not appear that Petitioner is engaging in "abusive litigation tactics or intentional delay," as prohibited by Rhines, 544 U.S. at 278, the amended petition does contain claims regarding which Petitioner has not yet commenced the process of exhaustion, raising the potential for a lengthy stay. In light of the intent of AEDPA to promote the finality of convictions and the timely resolution of federal habeas claims, "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278 (2005) (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").

Therefore, should the Connecticut Supreme Court uphold the trial court's denial of Petitioner's motion for a new trial, Petitioner is ordered to commence within thirty (30) days of that ruling an action in state court that will serve to exhaust any claims in Petitioner's amended federal habeas petition that remain unexhausted. Petitioner must notify this court within ten (10) days after all claims in the amended petition are exhausted, at which time an expedited briefing schedule on Grounds Six through Twelve will be set. The stay of this action is deemed to have commenced on January 8, 2009, when the motion to stay was filed, and shall remain in effect until this court receives Petitioner's notice of exhaustion.

6

## II. Motion for Hearing to Set Bail

Petitioner moves pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution for a hearing to set bail. Petitioner seeks to be released on bail pending full review of his habeas corpus petition, arguing that the petition "represents both the extraordinary circumstances and the high probability of success which supports the unusual remedy to set bail during the pendency of this [habeas corpus] litigation." [Doc. No. 47, ¶ 10]

"A district court has inherent power to enter an order affecting the custody of a habeas corpus petitioner who is properly before it contesting the legality of his custody." Ostrer v. United States, 584 F.2d 594, 596 n. 1 (2d Cir. 1978). This power "is a limited one, to be exercised in special cases only," Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001), and "principles of comity and federalism counsel that this power be exercised sparingly." Rado v. Meachum, 699 F. Supp. 25, 26 (D. Conn. 1988). "The standard for bail pending habeas litigation is a difficult one to meet," Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990), and the court may release a petitioner on bail only if the "petitioner [can] demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." Mapp, 241 F.3d at 226 (quotation marks and citations omitted).

Petitioner contends that he has raised "numerous substantial constitutional issues that have a high probability of success." [Doc. No. 48 at 8] Petitioner maintains that the petition as amended contains claims relating to exculpatory information that previously had been withheld from Petitioner, and that "the totality of the nondisclosure [of Brady material] represents a substantial violation that deprived [Petitioner] of his most fundamental constitutional right to a

7

fair trial." [Doc. No. 48 at 10-11] Petitioner argues that "the sheer magnitude of substantial constitutional claims that are now before this Court on the Amended Petition should justify the unusual remedy of granting bail." [Doc. No. 48 at 11]

Without passing judgment on whether Petitioner will ultimately prevail on his habeas claims, these claims do not present the high probability of success necessary to justify releasing Petitioner on bail while review of his claims is being completed. Nor would it be appropriate to preemptively disrupt the state court conviction before conducting a complete review of the habeas petition, particularly in light of the gravity of the offense of which Petitioner was convicted. Given that Petitioner has sought and been granted a stay of this action in order that he can exhaust his unexhausted claims in state court, it makes sense to await the outcome of that additional state court review before taking action, such as that requested here, which bears upon the merits of Petitioner's claims. Based on the record currently before the court, Petitioner's claims do not present such a high probability of success as to entitle him to release on bail pending further review of the habeas petition.

Nor can Petitioner successfully identify extraordinary circumstances entitling him to what he concedes is the unusual remedy of post-conviction release on bail pending habeas review. In attempting to assert extraordinary circumstances, Petitioner relies upon the claim in his petition that he had a liberty interest in his status as a juvenile offender such that his due process rights were violated by his allegedly improper transfer to adult court. [Doc. No. 48 at 11] Petitioner contends that if he were to prevail on that claim, his maximum sentence under the juvenile law in effect in 1975 would have been four years, and he has already served over six years. Id. Because habeas corpus petitioners typically assert the unlawfulness of their confinement, however,

8

Petitioner's argument to that effect does not constitute an extraordinary circumstance. See Iuteri v. Nardoza, 662 F.2d 159, 162 (2d Cir. 1981) ("Virtually all habeas corpus petitioners argue that their confinement is unlawful.")

Courts have sometimes found extraordinary circumstances where petitioner is seriously ill, Johnston v. Marsh, 227 F.2d 528 (3d Cir. 1955), or where petitioner's sentence is scheduled to expire before habeas review would be completed, making immediate release the only way to render the habeas remedy effective. See, e.g., Hilton v. Braunskill, 481 U.S. 770, 777 (1987); LaFrance v. Bolinger, 487 F.2d 506, 506-08 (1st Cir.1973); Boyer v. City of Orlando, 402 F.2d 966, 968 (5th Cir.1968); Marino v. Vasquez, 812 F.2d 499, 507-09 (9th Cir.1987). In the majority of such cases, the district court had already granted the habeas petition, and the question was whether release on bail was appropriate while the government pursued its appeal. "The case for bail is much more compelling *after* a district court grants a petitioner's habeas petition, because in those circumstances, it can truly be said that bail is necessary to make the habeas remedy effective." Ancona v. Lantz, No. 3:05cv363 (MRK), 2005 WL 839655 (D. Conn., April 8, 2005) (emphasis in original).

Here, Petitioner cites no medical reason for relief, and has served only six years of a sentence of twenty years to life, so there is no danger that his sentence will be completed prior to the disposition of his habeas petition. Petitioner's contentions that he poses no danger to the community and that "his close family ties virtually guarantee that there is no risk of flight" [Doc. No. 48 at 12] are not relevant to whether Petitioner has demonstrated extraordinary circumstances and as such are not appropriately considered. In light of Petitioner's clear failure to satisfy the standard for release on bail pending full review of his habeas petition, a hearing on

9

this matter is unnecessary, and the request for a hearing is therefore denied.

**III.    Conclusion**

For the reasons stated herein, Petitioner's Motion to Amend [Doc. No. 43] is GRANTED, Petitioner's Motion to Stay [Doc. No. 45] is GRANTED, and Petitioner's Motion for Hearing to Set Bail [Doc. No. 47] is DENIED.

SO ORDERED.

Dated at New Haven, Connecticut, July  27 , 2009.


/s/
Peter C. Dorsey, United States District Judge
District of Connecticut